FILED
CLERK, U.S. DISTRICT COURT

11/01/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

**UNDER SEAL**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>BRIAN H. UEHARA,<br>DELORES IRENE CLARK, and<br>JORDAN PHILLIP PRINZI,<br><br>            Defendants. | No. 8:23-cr-00150-DOC<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(viii), (b)(1)(C): Possession with Intent to Distribute and Distribution of Methamphetamine and Fentanyl; 18 U.S.C. § 924(c)(1)(A)(i): Possessing Firearms In Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

1      The Grand Jury charges:

2                            COUNT ONE

3                        [21 U.S.C. § 846]

4                       [ALL DEFENDANTS]

5  A.    OBJECT OF THE CONSPIRACY

6      Beginning on a date unknown, and continuing to at least on or

7  about February 3, 2023, in Orange County, within the Central District

8  of California, defendants BRIAN H. UEHARA, DELORES IRENE CLARK, and

9  JORDAN PHILLIP PRINZI conspired with each other and others known and

10 unknown to the Grand Jury to knowingly and intentionally distribute

11 at least 50 grams of methamphetamine, a Schedule II controlled

12 substance, in violation of Title 21, United States Code, Sections

13 841(a)(1), (b)(1)(A)(viii).

14 B.    MANNER AND MEANS OF THE CONSPIRACY

15     The object of the conspiracy was to be accomplished, in

16 substance, as follows:

17     1.    Defendant PRINZI would broker methamphetamine transactions

18 carried out by defendant CLARK by introducing defendant CLARK to a

19 drug customer.

20     2.    Defendant UEHARA would supply methamphetamine to defendant

21 CLARK for further sale to defendant CLARK's drug customers.

22     3.    Defendant CLARK would sell methamphetamine to the customer.

23 C.    OVERT ACTS

24     In furtherance of the conspiracy and to accomplish the object of

25 the conspiracy, on or about the following dates, defendants UEHARA,

26 CLARK, and PRINZI, and others known and unknown to the Grand Jury,

27

28                                    2

committed various overt acts in Orange County, within the Central District of California, including, but not limited to, the following:

**December 15, 2022 Sale of Methamphetamine**

Overt Act No. 1:   On December 14, 2022, defendant PRINZI offered to broker the sale of two ounces of methamphetamine by defendant CLARK to a person they believed was a drug customer but who was, in fact, an undercover law enforcement officer ("the UC").

Overt Act No. 2:   On December 14, 2022, defendant PRINZI gave the UC defendant CLARK's contact information, so that the UC could arrange to purchase two ounces of methamphetamine from defendant CLARK.

Overt Act No. 3:   On December 15, 2022, defendant CLARK delivered approximately 50 grams of methamphetamine to the UC in exchange for $300.

**January 3, 2023 Sale of Methamphetamine**

Overt Act No. 4:   On December 14, 2022, defendant CLARK provided the UC with prices for quarter-pound and half-pound quantities of methamphetamine.

Overt Act No. 5:   On January 3, 2023, defendant CLARK delivered approximately 107 grams of methamphetamine to the UC in exchange for $440.

**January 26, 2023 Sale of Methamphetamine**

Overt Act No. 6:   On January 19, 2023, defendant CLARK offered to sell one pound of methamphetamine to the UC.

Overt Act No. 7:   On January 26, 2023, defendant CLARK exchanged a series of calls and text messages with the UC to coordinate the methamphetamine transaction, during which defendant

3

CLARK stated that she would receive the methamphetamine that day from her supplier, defendant UEHARA.

Overt Act No. 8:    On January 26, 2023, defendant UEHARA supplied defendant CLARK with approximately 450.3 grams methamphetamine for the transaction with the UC.

Overt Act No. 9:    On January 26, 2023, defendant UEHARA drove defendant CLARK to complete the methamphetamine transaction with the UC.

Overt Act No. 10:    On January 26, 2023, defendant CLARK delivered approximately 450.3 grams of methamphetamine to the UC in exchange for $1,250.

**January 31, 2023 Attempted Sale of Methamphetamine**

Overt Act No. 11:    On January 31, 2023, defendant CLARK arranged to sell a pound of methamphetamine to the UC.

Overt Act No. 12:    On January 31, 2023, defendant CLARK possessed in her car approximately 614.5 grams of methamphetamine when she was stopped by law enforcement while driving to meet with the UC to complete the planned transaction.

**February 3, 2023 Seizure of Methamphetamine from Defendant UEHARA**

Overt Act No. 13:    On February 3, 2023, defendant UEHARA possessed in his residence approximately 22.456 kilograms of methamphetamine, $17,333.03 in cash, and two firearms.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT PRINZI]

On or about September 8, 2022, in Orange County, within the Central District of California, defendant JORDAN PHILLIP PRINZI knowingly and intentionally distributed approximately 1.4 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT PRINZI]

On or about September 15, 2022, in Orange County, within the Central District of California, defendant JORDAN PHILLIP PRINZI knowingly and intentionally distributed approximately 1.6 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT PRINZI]

On or about October 7, 2022, in Orange County, within the Central District of California, defendant JORDAN PHILLIP PRINZI knowingly and intentionally distributed approximately three grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT PRINZI]

On or about December 6, 2022, in Orange County, within the Central District of California, defendant JORDAN PHILLIP PRINZI knowingly and intentionally distributed approximately 2.5 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl ("fentanyl"), a Schedule II narcotic drug controlled substance.

8

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS CLARK and PRINZI]

On or about December 15, 2022, in Orange County, within the Central District of California, defendants DELORES IRENE CLARK and JORDAN PHILLIP PRINZI, each aiding and abetting the other, knowingly and intentionally distributed at least five grams, that is, approximately 50 grams, of methamphetamine, a Schedule II controlled substance.

9

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT CLARK]

On or about January 3, 2023, in Orange County, within the Central District of California, defendant DELORES IRENE CLARK knowingly and intentionally distributed at least 50 grams, that is, approximately 107 grams, of methamphetamine, a Schedule II controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT CLARK]

On or about January 12, 2023, in Orange County, within the Central District of California, defendant DELORES IRENE CLARK knowingly and intentionally distributed at least 50 grams, that is, approximately 111.3 grams, of methamphetamine, a Schedule II controlled substance.

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS UEHARA and CLARK]

On or about January 26, 2023, in Orange County, within the Central District of California, defendants BRIAN H. UEHARA and DELORES IRENE CLARK, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 450.3 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT CLARK]

On or about January 31, 2023, in Orange County, within the Central District of California, defendant DELORES IRENE CLARK knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 614.5 grams of methamphetamine, a Schedule II controlled substance.

COUNT ELEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT UEHARA]

On or about February 3, 2023, in Orange County, within the Central District of California, defendant BRIAN H. UEHARA knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 22.456 kilograms of methamphetamine, a Schedule II controlled substance.

COUNT TWELVE

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT UEHARA]

On or about February 3, 2023, in Orange County, within the Central District of California, BRIAN H. UEHARA knowingly possessed firearms, namely, a Smith & Wesson, model 10, .38 caliber revolver, bearing serial number D549819, and a Taurus, model 66, .357 caliber revolver, bearing serial number KL547484, in furtherance of a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), as charged in Count Eleven of this Indictment.

COUNT THIRTEEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT UEHARA]

On or about February 3, 2023, in Orange County, within the Central District of California, defendant BRIAN H. UEHARA knowingly possessed firearms, namely, a Smith & Wesson, model 10, .38 caliber revolver, bearing serial number D549819, and a Taurus, model 66, .357 caliber revolver, bearing serial number KL547484, and ammunition, namely, four rounds of Poongsan Metals Corporation .357 caliber ammunition, and one round of Hornady Manufacturing Company .357 caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant UEHARA possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Receiving Stolen Property, in violation of California Penal Code Section 496(a) and Vehicle Theft, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Orange, Case Number 94NF1189, on or about June 2, 1994;

2.   Possession of Marijuana for Sale, in violation of California Health and Safety Code Section 11359, and Sale/Transport Marijuana, in violation of California Health and Safety Code Section 11360(a), in the Superior Court for the State of California, County of Orange, Case Number 95NF2626, on or about November 6, 1995;

3.   Possession of Marijuana for Sale, in violation of

16

California Health and Safety Code Section 11359, Sale/Transport Marijuana, in violation of California Health and Safety Code Section 11360(a), and Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court for the State of California, County of Orange, Case Number 97CF1080, on or about April 21, 1997;

4.    Sale/Transport Marijuana, in violation of California Health and Safety Code Section 11360(a), in the Superior Court for the State of California, County of Orange, Case Number 99NF3033, on or about November 22, 1999;

5.    Possession of Marijuana for Sale, in violation of California Health and Safety Code Section 11359, in the Superior Court for the State of California, County of Orange, Case Number 01NF0947, on or about May 7, 2001;

6.    Possession of Marijuana for Sale, in violation of California Health and Safety Code Section 11359, and Sale/Transport Marijuana, in violation of California Health and Safety Code Section 11360(a), in the Superior Court for the State of California, County of Orange, Case Number 03HF1699, on or about December 29, 2003;

7.    Sale of Marijuana, in violation of California Health and Safety Code Section 11360(a), in the Superior Court for the State of California, County of Orange, Case Number 06NF2459, on or about August 8, 2006;

8.    Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court for the State of California, County of Orange, Case Number 11NF2590, on or about August 26, 2011; and

9.   Manufacture of a Controlled Substance, in violation of California Health and Safety Code Section 11379.6, and Inflicting Injury on an Elder, in violation of California Penal Code Section 368(b)(1), in the Superior Court for the State of California, County of Orange, Case Number 12NF2115, on or about November 14, 2012.

COUNT FOURTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT UEHARA]

On or about June 23, 2023, in Orange County, within the Central District of California, defendant BRIAN H. UEHARA knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 2,020 grams of methamphetamine, a Schedule II controlled substance.

1                    FORFEITURE ALLEGATION ONE

2                        [21 U.S.C. § 853]

3        1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 21,

6   United States Code, Section 853, in the event of any defendant's

7   conviction of any of the offenses set forth in Counts One through

8   Eleven and Fourteen of this Indictment.

9        2.   Any defendant so convicted shall forfeit to the United

10  States of America the following:

11            (a) All right, title and interest in any and all property,

12  real or personal, constituting or derived from, any proceeds which

13  the defendant obtained, directly or indirectly, from any such

14  offense;

15            (b) All right, title and interest in any and all property,

16  real or personal, used, or intended to be used, in any manner or

17  part, to commit, or to facilitate the commission of any such offense;

18  and

19            (c) To the extent such property is not available for

20  forfeiture, a sum of money equal to the total value of the property

21  described in subparagraphs (a) and (b).

22       3.   Pursuant to Title 21, United States Code, Section 853(p),

23  any defendant so convicted, shall forfeit substitute property if, by

24  any act or omission of said defendant, the property described in the

25  preceding paragraph, or any portion thereof: (a) cannot be located

26  upon the exercise of due diligence; (b) has been transferred, sold

27  to, or deposited with a third party; (c) has been placed beyond the

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1                    FORFEITURE ALLEGATION TWO

2          [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3       1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 924(d)(1), and Title 28, United States

7  Code, Section 2461(c), in the event of the defendant's conviction of

8  the offense set forth in Counts Twelve and Thirteen of this

9  Indictment.

10      2.   The defendant, if so convicted, shall forfeit to the United

11 States of America the following:

12           (a)   All right, title, and interest in any firearm or

13 ammunition involved in or used in such offense; and

14           (b)   To the extent such property is not available for

15 forfeiture, a sum of money equal to the total value of the property

16 described in subparagraph (a).

17      3.   Pursuant to Title 21, United States Code, Section 853(p), as

18 incorporated by Title 28, United States Code, Section 2461(c), the

19 defendant, if so convicted, shall forfeit substitute property, up to

20 the value of the property described in the preceding paragraph if, as

21 the result of any act or omission of said defendant, the property

22 described in the preceding paragraph or any portion thereof (a)

23 cannot be located upon the exercise of due diligence; (b) has been

24 transferred, sold to, or deposited with a third party; (c) has been

25 placed beyond the jurisdiction of the court; (d) has been

26 //

27 //

28                                  22

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

JENNIFER L. WAIER
Assistant United States Attorney
Deputy Chief, Santa Ana Branch
Office

ANNE C. GANNON
Assistant United States Attorney
Santa Ana Branch Office

23